# McLester, *et al. v.* Woodlawn Cemetery, *et al.*

*Bill to Redeem From Foreclosure Sale.*

(Decided Feb. 3, 1910.—51 South. 793.)

1. *Corporations; Sale of Property Under Mortgage; Bill by Stockholder to Redeem; Time.*—Where the sale was made openly to the knowledge of the stockholders, the time for redemption by a stockholder on refusal of the corporation to do so is not extended beyond the two years fixed, by the fact that the person who bought from a stockholder the notes secured by deed of trust or mortgage, broke his agreement with the stockholder to defer the sale for a certain time.

2. *Same.*—Where the stockholders are not misled into a belief that the corporation would act in the matter of redemption so that it would be unnecessary for them to do so, the fact that there was a collusion between the purchaser and the president of the company to prevent the redemption, would not extend the time beyond that fixed for redemption.

3. *Same.*—The delay of stockholders to file a bill to redeem the property of the corporation from foreclosure sale is not excused because of the pendency of a suit of another nature, by other stockholders against the purchaser to secure the property for the corporation.

4. *Limitation of Action; Existance of Trust; Constructive Trust.*— Fraud or collusion of the purchaser at the sale under foreclosure of the property of a corporation with the president of the corporation to prevent a redemption by the corporation does not raise a trust in favor of the corporation; so, the stockholders must redeem on refusal of the corporation, within two years of the sale or .within a year after knowledge of the fraud.

5. *Same.*—A breach of promise made by one buying notes secured by a mortgage or deed of trust on the property of a corporation, to a stockholder thereof, of whom he bought the notes, that he would defer for a year the exercise of the power of sale under the conveyance, does not render the sale void, so as to make him on purchasing at the sale, a trustee for the corporation and suspend the running of the statute of limitations against a suit to redeem.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by Nannie S. McLester and others against the Woodlawn Cemetery and L. W. Johns to be permitted to redeem. There was judgment sustaining demurrers to the amended bill, and complainants appeal. Affirmed.

For former report of this case, together with the full statements of the allegations of the original bill, see 137 Ala. 283, 34 South. 174, 97 Am. St. Rep. 27.

The amendment offered, and not allowed, was as follows: "Section 11. Orators further aver that J. A. Van Hoose and R. A. McAdory, on behalf of themselves and such others of the stockholders of the Woodlawn Cemetery as cared to come into the suit, filed a bill against the Woodlawn Cemetery, the director of the said company, and L. W. Johns, in the chancery court of Jefferson county, on the 29th day of March, 1900, for the purpose of having a receiver appointed for the Woodlawn Company, and for the purpose of having an accounting between L. W. Johns and the Woodlawn Cemetery Company, and praying that, when L. W. Johns was paid the amount due him, he should convey the lands of the Woodlawn Cemetery Company to the receivers that might be appointed for the same. That the

[McLester, et al. v. Woodlawn Cemetery, et al.]

bill was pending for some time before it was finally dismissed by the chancellor on the ground that the proper proceedings had not been taken, and it was for this reason, that complainant was awaiting the outcome of this bill, that she did not take action sooner in this manner; said bill of Van Hoose and others against the Woodlawn Cemetery and others not having been disposed of in this court until the 31st day of October, 1900.

UNDERWOOD & THATCH, for appellant. The court erred in sustaining demurrer to the bill as amended.— *Jefferson C. S. B. v. Francis*, 115 Ala. 320; 137 Ala. 283. The court erred in refusing to allow the amendment.—Section 706, Code, and authorities there cited.

FRANK S. WHITE & SONS, and R. L. HARMON, for appellee. The bill is multifarious and repugnant as it seeks to redeem without attacking the validity of the sale and in the other aspects seeks to have the court declare the purchaser a trustee in invitum.—*Ray v. Womble*, 56 Ala. 36. At the time the bill was filed more than two years had elapsed since the foreclosure.—Code 1907, secs. 5746, et seq.; *Woodruff v. Adair*, 131 Ala. 530; *Newbern v. Bass*, 82 Ala. 622. The alleged agreement conferred no right on the stockholder or corporation.—*Hunter v. Mellin*, 127 Ala. 343; 20 Cyc. 22. The charge of fraud and collusion cannot aid in an extension of time.—4 Mayf. 941; 2 Corp. on Corp. sec. 740 . The facts alleged are wholly insufficient to constitute a case of actual or actionable fraud.—*McHan v. Ordway*, 76 Ala. 347; *Flewellen v. Crane*, 58 Ala. 627; *Steiner v. Parsons*, 103 Ala. 215.

ANDERSON, J.—Upon the former appeal in this case (137 Ala. 283, 34 South. 174, 97 Am. St. Rep. 27),

the cause was reversed because of the failure of the bill to aver such facts as would enable these complainants to maintain this bill, upon the theory, that a sufficient demand and refusal was not shown as to the governing body of the respondent corporation or the stockholders thereof. Whether the amendment, after the reversal of the case, was sufficient to overcome the defect pointed out in the former opinion, we need not determine, for conceding, that it was, the chancellor must be affirmed for sustaining the demurrer to the bill as amended. The bill is, in effect, one to redeem the property sold under the deed of trust, and was filed more than two years after the sale, and shows upon its face, that the complainants nor the corporation are entitled to redeem. The fact that Johns agreed with Van Hoose, when he purchased the notes, not to proceed with the sale could not toll the delay in taking action looking to a redemption of the property. Whether Johns so promised Van Hoose or not, he made the sale, it was made openly and publicly and the complainants knew of it, or at least the bill does not negative notice of same. They then had two years within which to compel the corporation to redeem or to do so themselves, in the event the corporation failed or refused. The bill avers a collusion on the part of Johns and the president to acquire the property, but it does not show, that any fraud on their part relieved the complainants of taking action looking to a redemption. They were not misled into the belief that action on their part was unnecessary, upon the idea that the corporation intended or expected to redeem. On the other hand, every act averred shows that the corporation did not intend to redeem, and they were put upon notice of the fact that they must compel action, or take it themselves in case of a failure to have the governing board or stockholders act. They were not lulled

by Johns and Erswell into the belief that action on their part was unnecessary, but every fact set up shows that Johns and Erswell had no idea of redeeming for the corporation, or that Johns was acting for the corporation in acquiring the Van Hoose debt or in making the sale. While the foregoing treats the bill as one to redeem, the result would be the same by treating it as a bill to declare a constructive trust, which seems to be its denomination in the prayer for relief. The bill does not show that Johns was acting in a fiduciary capacity, so as to impress a trust upon the transaction. Nor does it charge fraud on his part in making the sale. It is true, it charges that he violated an agreement with Van Hoose, but this is no charge of fraud connected with the sale. The fraud or collusion charged, as to Johns, was in preventing a redemption by the officers of the company, and of which, as shown by the bill, J. A. Van Hoose had full knowledge; and that he was acting for the complainant as well as himself, and notice to him must be imputed to them, and they should have taken action within two years of the sale or within a year after the knowledge of the alleged fraud. Neither can a trust be implied from the mere breach of Johns' promise not to sell until 1898, so as to render the sale void, and constitute him the holder of the property for the benefit of the company. The bill does not aver that Johns extended the maturity of the debt or changed the law day of the instrument so as to render the sale premature and therefore void, but sets up the breach of a promise not to have the power exercised until 1898. A violation of such an agreement did not render the sale void, so as to constitute Johns and Erswell, who held thereunder, trustees for the company, but which would, at most, have given the company the right to disaffirm the the sale within two years thereafter.—4

Mayfield's Dig. p. 706, § 304. The debt was due, its maturity was not extended, and the sale was made by the trustees to satisfy same. The complainants' agent knew all the facts, and was put on notice that the officers of the company did not intend to redeem or take steps to disaffirm the sale, notwithstanding he had informed them of all the facts, now complained of by the complainants; and they are in no position to redeem or to set the sale aside after sleeping on their rights for over three years after the sale, and after notice to J. A. Van Hoose of the alleged fraud for more than a year before the bill was filed. The fact that Van Hoose et al. had filed a previous bill, and failed, did not relieve these complainants of their delay. Nor is it shown that their bill is within the lis pendens of the other one. We are of the opinion that the bill is without equity, apart from the question of laches. The chancellor did not err in disallowing the last amendment.

The decree of the chancery court is affirmed.

Affirmed.

DOWDELL, C. J., and SAYRE and EVANS, JJ., concur.